SCHULZ v. FEDERATED PUBLICATIONS, INC.

JUDGMENT—LIBEL—RES JUDICATA—MOTION TO DISMISS—MOTION FOR
SUMMARY JUDGMENT.

> The denial by the circuit court of defendant's motion to dismiss action for libel, made after entry of special appearance, and the Supreme Court's denial of application for leave to appeal therefrom did not have adjudicatory effect on subsequent motion in superior court of Grand Rapids by defendant for summary judgment in its favor, after entry of general appearance and filing of answer, since the Supreme Court's former action constituted merely a finding that the trial court had not abused the discretionary power reposed in it in determining that under the facts as then existing the motion to dismiss should be denied.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 8, 1955. (Docket No. 53, Calendar No. 46,359.) Decided June 6, 1955.

Case by Albert Schulz against Federated Publications, Inc., doing business as the Grand Rapids Herald, for damages claimed he sustained through the publication of news item. Summary judgment for defendant on motion. Plaintiff appeals. Affirmed.

*Clem H. Block,* for plaintiff.

*Deeb, Dunn & Elferdink,* for defendant.

KELLY, J. Plaintiff filed a declaration in the circuit court for the county of Kent alleging that he

---

REFERENCES FOR POINTS IN HEADNOTES
30 Am Jur, Judgments § 208.

had "been greatly injured in his good name, fame and credit and brought into public scandal, infamy and disgrace" by the printing in the Grand Rapids Herald, on January 17, 1953, the following news item:

"Man Held In Jewelry Holdup Case

"Grand Rapids detectives arrested Albert Schulz, 36, of 415 Cass Ave. S.E., Friday afternoon at the request of Roseville, Mich., police, who will question him about a $1,000 jewelry robbery that took place in Roseville last summer.

"Taken also in the holdup was a rare watch valued at about $700 according to Roseville police. There are only 3 such watches in the United States, they said.

"Schulz, who was arrested by detectives Morey Butler and Celmyr McConnell while he was at work, is to be taken to Roseville Saturday, inspector Frank Breen, chief of detectives, said, to see if he can be identified as one of the armed men who held up a man and his wife."

Defendant entered a special appearance and moved to dismiss for the reason:

"That the newspaper report in connection with the apprehension of Albert Schulz, plaintiff herein, was qualified privileged inasmuch as the excerpt quoted was a publication in good faith as current news of a matter involving the violation of the law, and it went no further than the privilege of the newspaper to publish the actual facts concerning the commission of a crime and the facts as to the arrests and charges made against the plaintiff, who was suspected of the crime."

Circuit Judge Leonard D. Verdier denied the motion to dismiss, stating:

"It appears to the court that the motion to dismiss is made prematurely. It may well be that, when the proofs have been submitted on a trial of the case,

defendant's motion to dismiss may have merit, but that is not true at this stage of the case."

Defendant's application to this Court for leave to appeal from this order was denied. Defendant then filed a general appearance and answer, alleging:

1. That the item complained of "did not, in the connection in which it was used, carry even the impression that plaintiff was guilty of the crime referred to."

2. That before the police department of Grand Rapids arrested plaintiff he was known to them as an ex-convict who had been sentenced to the State prison of southern Michigan, at Jackson, in 1940 for breaking and entering; that he was again sentenced to the same prison in 1946 for uttering and publishing checks, and in 1952 arrested in Grand Rapids for nonsupport.

3. That a picture of plaintiff, taken at the time of his arrest in 1952, was sent at its request to the police department at Roseville, and that the arrest of plaintiff was made at the request of the Roseville police who stated that plaintiff had been identified as one of 2 men who committed the robbery.

4. That plaintiff was not known to defendant prior to his arrest for questioning and that the published item complained about "was merely a factual report of his arrest, without editorial comment, was without any malice whatsoever, and was true in every respect."

5. That after questioning and release of plaintiff by the Michigan State police and the Roseville police, the defendant published a full, impartial and complete report of same.

6. That the report of his being arrested and held for questioning was qualifiedly privileged and neither charged the plaintiff with nor imputed to him the commission of any crime.

Plaintiff filed a reply admitting that plaintiff was not known to defendant prior to his arrest and publication of the news item, but denied there was no malice and averred "that the language of the newspaper report speaks for itself and that that language imputes the commission of a crime by this plaintiff."

The cause of action was removed from the circuit court of Kent county to the superior court of Grand Rapids, and defendant moved for summary judgment. The Hon. Thaddeus B. Taylor, judge of the superior court of Grand Rapids, granted the motion for summary judgment, and in his opinion stated:

"There is no issue of fact and the only question is—

"Would the plaintiff be entitled to a verdict upon a trial?

"I am of the opinion he could not recover.

"*First:* The police of Grand Rapids were acting properly when at the request of the Roseville police they detained the plaintiff. This is in accord with the recent case of *Hammit* v. *Straley,* 338 Mich 587.

"*Second:* The published article does not import to or accuse the plaintiff of the commission of a crime. The 2 portions of the statement which were incorrect do not furnish the basis for an action of libel."

In his opinion Judge Taylor commented on the alleged incorrect statements as follows:

"The plaintiff alleges in his declaration that the statement was untrue. It does appear that the robbery occurred in November of 1952 rather than in the summer of 1952. Even if incorrect, it imports no guilt of plaintiff nor does the error accuse him of a crime. It further states that the plaintiff was to be taken to Roseville for questioning. This did not occur but the Roseville officers rather came to Grand Rapids and conferred with the plaintiff and thereafter he was released. The statement that plaintiff

was to be taken to Roseville for questioning imports no charge of guilt."

The only question involved is as set forth in appellant's brief:

"Does the superior court of Grand Rapids have authority to grant a motion for summary judgment in a case where the circuit court of Kent county previously had denied a motion to dismiss and the Supreme Court had refused an application for an appeal from that denial?"

The removal of the case to the superior court from the circuit court is not questioned. Judge Taylor's legal conclusions and findings that there were no controverted facts are not appealed from.

Appellant contends that Judge Verdier's denial of defendant's motion to dismiss and this Court's subsequent denial of application for leave to appeal constituted *"res judicata* as far as the present matter is concerned,"* and therefore Judge Taylor, superior court judge, did not have authority to determine that the motion for summary judgment should be granted.

We do not agree with appellant's contention. Judge Verdier's opinion related solely to the motion to dismiss and the denial of that motion did not have adjudicatory effect on the subsequent motion for summary judgment.

This Court's denial of defendant's application for leave to appeal constituted merely a finding that the trial court did not abuse the discretionary power reposed in it in determining that under the facts as then existing the motion to dismiss should be denied.

Judgment affirmed, costs to appellee.

Carr, C. J., and Butzel, Smith, Sharpe, Boyles, Reid, and Dethmers, JJ., concurred.